**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Ballard, | No. CV-19-05658-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Terros Incorporated, | |
| Defendant. | |

The parties have filed a stipulation to file Plaintiff's medical records—exhibits to Defendant's motion for summary judgment—under seal. (Doc. 28.) However, the parties have not lodged the subject documents under seal, as required by LRCiv 5.6. As noted in the Court's preliminary order, "[i]n all cases, the parties shall adhere to the federal and local rules, including LRCiv 5.6, which details the local rules for sealing court records." (Doc. 9 at 4-5.) Pursuant to LRCiv 5.6(b), "[t]he document or documents that are the subject of any [motion or stipulation to file a document under seal] . . . must be lodged with the Court separately," and LRCiv 5.6(c) provides instructions for lodging under seal.

Furthermore, every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. LRCiv 5.6(b). The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v.*

*City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted).  The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted).  "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).  The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  A motion for summary judgment is clearly such a motion, and the "compelling reasons" standard applies to the parties' summary judgment motions and their exhibits.

Moreover, the Court will not seal a document in its entirety when only a portion of the document contains material that satisfies the applicable legal standard for sealing.  Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), ***must include highlighting to indicate which portions of the document the party seeks to redact***.

The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing documents or portions of documents.  However, where a party puts certain information at issue, that party's ability to claim an interest in privacy is weakened. *See, e.g.*, *Weisberg v. Takeda Pharm. U.S.A., Inc.*, 2018 WL 6252458, *2 (C.D. Cal. 2018) ("[A] patient-litigant has no privilege as to communication relevant to an issue concerning the patient's condition, if the patient put that condition at issue.); *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to

[] make a particularized showing of compelling reason[s] to file these exhibits under seal."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information]."); *Longoria v. Kodiak Concepts LLC*, 2020 WL 4501456, *1 (D. Ariz. 2020) ("Plaintiffs cannot reasonably bring this action and then expect confidentiality . . . ."). *But cf. Cramton v. Grabbagreen Franchising LLC*, 2019 WL 1077869, *1 (D. Ariz. 2019) ("The medical records contain a great deal of sensitive and private information about [Plaintiff's] health, beyond just the information relevant to the case. The public's interest in knowing intimate details of Cramton's health beyond the scope of this case is minimal, and Cramton's interest in keeping them private is significant.).

Where, as here, Plaintiff has put her medical condition at issue in the complaint, the Court will not broadly grant leave to file all of Plaintiff's medical records under seal. If the parties choose to bring another motion seeking leave to file certain documents (or portions of documents) under seal, the parties must demonstrate—for each document or portion of a document sought to be sealed—that the material is beyond the scope of what is at issue in this action.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. 28) is **denied without prejudice**.

Dated this 25th day of September, 2020.

Dominic W. Lanza
United States District Judge